IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE COMEAUX, § | | |
| TDCJ #1751170, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-14-1222 | |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM AND ORDER

Petitioner Michael Wayne Comeaux filed a Petition for a Writ of Habeas Corpus ("Petition") [Doc. # 1], challenging his ineligibility for release to mandatory supervision. Respondent William Stephens filed a Motion for Summary Judgment ("Motion") [Doc. # 9], to which Petitioner filed a "Motion to Object Respondent Motion for Summary Judgment" [*sic*] ("Response") [Doc. # 10].[1] Petitioner also filed a "Request for Court Appointed Counsel Pursuant to Article 3006A, Federal Criminal Code and Rules" ("Motion for Counsel") [Doc. # 12]. Based on the Court's full review of the record and the applicable legal authorities, the Court **grants**

---

[1]To the extent Petitioner's pleading is a request to oppose Respondent's Motion for Summary Judgment, the request is granted and the pleading will be treated as Petitioner's Response. To the extent Petitioner asks at the end of the document for this Court to "grant Petitioner Mandatory Supervision Date," the Motion to Object is denied for the reasons set forth herein.

Respondent's Motion for Summary Judgment, **grants in part and denies in part** Petitioner's Motion to Object, and **denies** Petitioner's Motion for Counsel.

## I.   BACKGROUND

On October 13, 2011, following a conviction for assault by choking, Petitioner was sentenced to a term of imprisonment for forty-five years. At the time of his conviction and sentence, he was ineligible for release to mandatory supervision if he had been previously convicted of an offense under section 21.11 of the Texas Penal code. *See* TEX. GOVT. CODE § 508.149(a)(5). In 1995, Petitioner was convicted of indecency with a child under section 21.11 of the Texas Penal Code. *See* Exh. A to Motion for Summary Judgment. As a result, Petitioner is ineligible for release to mandatory supervision from his current sentence.

On October 29, 2013, Petitioner filed a state habeas application asserting that he was wrongfully classified as ineligible for release to mandatory supervision.[2] The Texas Court of Criminal Appeals denied his application on April 9, 2014, and Petitioner filed the pending federal Petition on April 30, 2014.

Respondent filed his Motion for Summary Judgment, asserting that the Petition is time-barred. Respondent argues alternatively that Petitioner is clearly ineligible for

---

[2] Petitioner filed a state habeas application in 2011, but did not raise the mandatory supervision issue. Instead, in the 2011 application, Petitioner asserted that the trial court erred by admitting pictures of the victim and by failing ro provide discovery for rebuttal witnesses.

release to mandatory supervision under Texas law and, therefore, the Petition is without merit. Petitioner responded that the Texas statute is a violation of the ex post facto clause of the United States Constitution. The Motion for Summary Judgment is ripe for decision.

## II.  STATUTE OF LIMITATIONS

### A.  One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, Petitioner is not challenging his holding conviction and judgment, has neither asserted nor presented evidence of any State-created impediment, and has not identified any new constitutional rights recognized by the United States Supreme Court that are relevant to the Petition. Therefore, subparagraphs (A), (B) and (C) are inapplicable. *See, e.g., Medina v. Thaler*, 2012 WL 1986826, *2 (N.D. Tex. Apr. 24, 2012). Instead, the one-year statute of limitations began to run on the date Petitioner, through the exercise of due diligence, could have discovered the factual predicate for his claim. *See* 28 U.S.C. § 2244(d)(1)(D); *Medina*, 2012 WL 1986826, at *2). On October 13, 2011, Petitioner knew that he had been previously convicted of indecency with a child under § 21.11 of the Texas Government Code and, through the exercise of due diligence, could have known that the prior conviction rendered him ineligible for release to mandatory supervision under Texas law. Therefore, the one-year statute of limitations began to run on October 13, 2011, and expired on October 13, 2012. The Petition, filed on April 30, 2014, is untimely and must be dismissed as time-barred unless the statute of limitations is tolled.

  B.  **<u>Statutory Tolling</u>**

Statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" 28 U.S.C. § 2244(d)(2). In other words, the time during which a properly filed state habeas application is pending is not counted against the one-year limitation period only if that state application related to the judgment or claim in the current federal petition. "Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

In this case, Petitioner filed a state habeas application in 2011 in which he asserted that the trial court erred in connection with discovery and evidentiary rulings. The 2011 petition did not, however, address Petitioner's ineligibility for release to mandatory supervision. Because the 2011 Petition was not "with respect to the pertinent . . . claim," it does not operate to toll the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Klein v. Franklin*, 2011 WL 1467782, *1 n.5 (W.D. Okla. Feb. 8, 2011).

Petitioner filed a second state habeas application on October 28, 2013, more than one year after the relevant statute of limitations expired. This was the first state

habeas application in which Petitioner asserted a claim regarding his ineligibility for release to mandatory supervision.[3] Because the second application was filed after the expiration of the one-year limitations period, it has no statutory tolling effect.

### C. Equitable Tolling

Even where a federal habeas petitioner is not eligible for statutory tolling, the one-year limitations period can be equitably tolled. *See Clarke v. Radar*, 721 F.3d 339, 344 (5th Cir. 2013). For equitable tolling to apply, "a petitioner has the burden of showing (1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotations and citations omitted). Generally, equitable tolling applies where a petitioner is actively misled by the State about the claim or "is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). In this case, Petitioner has not asserted a factual basis for equitable tolling. Importantly, Petitioner has not identified any manner in which the State actively misled him about his claim or otherwise interfered in some extraordinary way from pursuing his asserted right to release on mandatory

---

[3]Petitioner first raised his concerns regarding his eligibility for release to mandatory supervision by filing a Time Dispute Resolution Form with the TDCJ on September 9, 2013. This filing was also well beyond the expiration of the one-year limitations period for his federal habeas petition.

supervision. Consequently, the Court concludes that equitable tolling does not apply in this case.

### III. EX POST FACTO ARGUMENT

Petitioner argues in his Response that application of § 508.149 to render him ineligible for release to mandatory supervision is a violation of the ex post facto clause. Section 508.149 was enacted in 1997, after Petitioner's 1995 indecency with a child conviction and before his 2011 conviction for assault by choking.

The United States Constitution provides that no "ex post facto Law shall be passed." *See* U.S. CONST. art. I, § 9, cl. 3. "For an ex post facto violation to occur, two elements must be present: (1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004).

The Fifth Circuit has held that § 508.149 does not violate the ex post facto clause. *See id.* Petitioner's punishment, specifically his ineligibility for release to mandatory supervision, is based on his holding conviction for assault by choking, which occurred after § 508.149 was enacted. The limitations on mandatory supervision contained in § 508.149 are "best seen not as a secondary punishment for [Petitioner's] prior offense, but as a secondarily authorized punishment for criminal

conduct that has occurred after the passage of the law." *Id.* (internal quotation and citation omitted). Petitioner's ineligibility for release to mandatory supervision is not an additional penalty for his earlier crime, but is a "stiffened penalty for the latest crime." *Id.* (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)). The statute does not violate the ex post facto clause and its application renders Petitioner properly ineligible for release to mandatory supervision.

### IV.     MOTION FOR COUNSEL

A court may appoint counsel to represent a financially eligible person seeking habeas relief under § 2254 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). As explained above, the issues presented in this case are simple and straight-forward. The interests of justice do not require appointment of counsel for Petitioner, and the Motion for Counsel is denied.

### V.     CERTIFICATE OF APPEALABILITY

Petitioner's habeas petition is governed by the AEDPA and, as a result, a certificate of appealability ("COA") is required before an appeal may proceed. *See Williams v. Stephens*, 761 F.3d 561, 565-66 (5th Cir. 2014). To obtain a COA, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Garcia v. Stephens*, 757 F.3d 220, 222 (5th Cir. 2014). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 222-23 (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003)).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *See Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008); *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The limitations requirements and the inapplicability of the ex post facto clause to the Texas statute regarding release to mandatory supervision are well-established. As a result, the Court concludes that jurists of reason would not debate whether the rulings in this case are correct, and a certificate of appealability will not issue in this case.

## V. **CONCLUSION AND ORDER**

Application of Texas Government Code § 508.149(a)(5) to Petitioner's holding conviction does not violate the ex post facto clause. Moreover, his current Petition challenging the application of § 508.149(a)(5) is untimely. Accordingly, it is hereby

**ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 9] is **GRANTED**. It is further

**ORDERED** that Petitioner's Motion to Object [Doc. # 10] is **GRANTED** to the extent that the document is accepted as Petitioner's response in opposition to

Respondent's Motion for Summary Judgment, and **DENIED** in all other respects. It is further

    **ORDERED** that Petitioner's Motion for Counsel [Doc. # 12] is **DENIED**. It is further

    **ORDERED** that this Petition is **DISMISSED WITH PREJUDICE**, and issuance of a Certificate of Appealability is **DENIED**.

    The Court will issue a separate, final judgment.

    SIGNED at Houston, Texas, this **21ST** day of **January, 2015**.

                                      Nancy F. Atlas
                                      United States District Judge